UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIZABETH NUSSBAUM,

       Plaintiff,      12-cv-00367 (NSR)
 -against-           OPINION AND ORDER

METRO-NORTH COMMUTER RAILROAD, and
METROPOLITAN TRANSPORTATION
AUTHORITY,
       Defendants.
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

  Plaintiff moves for reconsideration of the Court's Opinion and Order of January 23, 2014, entering summary judgment in favor of Defendants. (Docket No. 41, "Summary Judgment Opinion"). The Court assumes familiarity with the facts of the case and the substance of the Summary Judgment Opinion.

### I. Motion for Reconsideration Standard

  Motions for reconsideration are governed by Local Civil Rule 6.3 and Fed. R. Civ. P. 60(b). The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. *Targum v. Citrin Cooperman & Company, LLP*, No. 12 Civ. 6909(SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court[.]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple . . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Koehler v. Bank of Bermuda, Ltd.*, No. M18–302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (Such a motion "cannot assert new arguments or claims

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/2014

1

which were not before the court on the original motion." (citing *Kunica v. St. Jean Fin., Inc.*, 63 F. Supp. 2d 342, 346 (S.D.N.Y. 1999)). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys,* 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## II.     Discussion

As the Court stated in its Summary Judgment Opinion, there was a question of fact as to whether there was a dangerous condition on the floor of the train car on the morning that Plaintiff fell. The Court held that despite that question of fact, grating summary judgment in favor of Defendants was warranted because Defendants did not create a condition nor have notice of any condition. Plaintiff's main argument on this reconsideration motion is that the Court overlooked Metro-North's Specifications, which Plaintiff argues show that Metro-North was negligent in applying the cleaning solution.

The Metro-North Specifications are parameters that Metro-North provided for the floor cleaner used in its train cars. Floor cleaners must meet Metro-North's Specifications before the cleaner will be purchased for use by Metro-North. The relevant specifications raised by Plaintiff are as follows[1]: (1) Specification MSC103 2.1.2: "The compound shall effectively clean soiled

---

[1] The Court notes that Plaintiff did not provide the specifications in their entirety. There were two exhibits that contained excerpts from the specifications. Otherwise, the specifications that Plaintiff refers to were read aloud during depositions and therefore can be found in the transcripts of several different witness depositions or as exhibits to the expert report.

railcar interiors . . . al [sic] dilution of 10:1 (water to cleaning compound) for cleaning floors[.]"; (2) Specification MSC 103 3.2.9: "The compound shall be free rinsing and shall leave no visible deposits or film on the surfaces when used at the proper dilutions."; (3) Specification MS-C-111 3.3.1: "For cleaning MNR railroad interior floors it shall be diluted in the ratio of one (1) part cleaner to ten (10) parts of ordinary tap water[.]"; (4) Specification MS-C-111 3.3.4: "The chemical cleaner should be readily rinseable [sic] and removable with ordinary tap water using [a mop, sponge, rag, brush, or other hand application device]."; (5) Specification MS-C-111 3.4.3: "After rinsing, there shall be no staining, spotting, streaking, or film remaining on the cleaned surfaces of the passenger car." Plaintiff additionally states that Metro-North's Director of Safety stated that Metro-North expected its employees to follow the label when using FO2276.

Plaintiff's argument is that the specifications show that Metro-North intended that the use of the cleaner should not produce a slipping hazard. It was never considered, however, that Metro-North was not concerned with keeping its train cars safe from slipping hazards. What the Court noted, only, was that there was no evidence that straying from the recommended use of FO2276 had ever caused a passenger to slip or that such use was overtly dangerous. The Court considered Metro-North's Specifications in its Summary Judgment Order. Indeed, the label of FO2276 parallels the specifications called for by Metro-North. The Court did not overlook these facts as Plaintiff provides, but nonetheless, finds the arguments made by Plaintiff here to immaterial to the outcome. FO2276 was a product that had a recommended use of a dilution within the range requested by Metro-North. However, as the Court said in the Summary Judgment Opinion, there is nothing to indicate that a usage of FO2276 that deviated from the specifications or the FO2276 label was dangerous. And, as the Court noted in its opinion, although the train foreman had, on occasion, seen white residue on the floor of the train car, there

was no evidence that there was any residue on that specific train car, in the specific spot where Plaintiff fell, on the morning of the accident. Plaintiff's argument is a hypothetical scenario that the Court found not to be supported by the facts on the record.

On a day when the floor was admittedly wet, the Court found that it was mere speculation that it was the use of the floor cleaner, and not rain water, that caused Plaintiff to slip. The Court stated, "The possibility that Plaintiff slipped on soap residue as opposed to the wet floor on a day when it was raining and there is testimony that passengers had tracked water into the train car, including Plaintiff's own testimony that the floor was wet, is mere speculation and cannot sustain Plaintiff's claim." SJO at 18. The Court ultimately found that the assertion by Plaintiff that it was the use of FO2276 that caused her fall was "mere speculation" which is "insufficient to defeat [a motion for summary judgment]." *Kshel Realty Corp. v. City of New York*, No. 01 Civ. 9039(LMM), 2006 WL 2506389, at *2 (S.D.N.Y. Aug. 30, 2006). Plaintiff's motion for reconsideration does not change that conclusion.

To summarize, there were several findings made by this Court in its Summary Judgment Opinion that still hold true: (1) There was no indication that using a higher FO2276 to water ratio was unsafe either from the FO2276 label or the Metro-North Specifications; (2) There had been no previous falls attributable to the use of FO2276 that day, in that car, or since Metro-North began using FO2276; (3) Neither Plaintiff nor any other Metro-North rider that morning saw or complained of white residue on the floor of the car, and Plaintiff herself saw that the floor where she fell was wet. Therefore, the Court's conclusions that Metro-North was not negligent in applying the soap cleaner, did not have constructive notice, and did not have actual notice, remain unchanged.

### III. Conclusion

Accordingly, Plaintiff's motion for reconsideration is denied. The Clerk of the Court is respectfully requested to terminate this motion, Docket No. 43.

Dated: May 8th, 2014
White Plains, New York

SO ORDERED:

_____

NELSON S. ROMÁN

United States District Judge